**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RITA EWING and CAMILLE EDWARDS,** | Civ. No. 21-13812 (KM)(CLW) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **HILLSTONE RESTAURANT GROUP and/or HILLSTONE RESTAURANT GROUP d/b/a HOUSTON'S RESTAURANT and/or HOUSTON'S, its agents, servants, employees, ABC CORP. 1-5, and/or JOHN DOE 1-5 and/or JANE DOE 1-5 (the last three being fictitious designations),** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the plaintiffs' motion for voluntary dismissal of this action with prejudice and without costs, pursuant to Fed. R. Civ. P. 41(a)(2). (DE 21).[1] The disputed issue before the Court is whether the dismissal should be with or without an award of costs to the defendants as "prevailing party" under Fed. R. Civ. P. 54(d). For the reasons set forth below, the plaintiffs' motion is **GRANTED IN PART**. The matter is dismissed with prejudice, and the defendants may submit a bill of costs to the clerk.

---

[1]     Certain key citations to the record will be abbreviated as follows:

DE = Docket entry in this case

Compl. = Complaint (DE 1)

Mot. = Plaintiffs' brief in support of the motion for voluntary dismissal (DE 21-1)

Opp. =  Defendants' brief in partial opposition to the motion for voluntary dismissal (DE 23)

1

## I.     Background

The facts underlying this litigation are disputed, and—given that both parties agree that the matter should be dismissed with prejudice—not entirely relevant to the discrete issue at hand. For context, however, I will provide a brief overview of the allegations.

Plaintiffs Rita Ewing and Camille Edwards dined at a restaurant owned by defendant Hillstone Restaurant Group, Inc. ("Houston's") in Hackensack, New Jersey on September 8, 2019. (Compl. ¶¶6, 11.) Ewing and Edwards, who are both African American women,[2] allege that they were discriminated against on the basis of their race by agents and employees of Houston's who, among other things, refused to bring them more food or drinks despite their desire to order more items and told them that they were at the restaurant "too long" and "needed to leave," while White patrons were allowed to stay at their tables indefinitely. (*Id.* ¶¶11-12.) In July 2021, Ewing and Edwards filed this lawsuit against Houston's, seeking damages under the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1, *et seq.,* and for the negligent or intentional infliction of emotional distress. (*Id.*)

Houston's denies the allegations of the complaint and has taken the position that the case is frivolous. Houston's asserts in its opposition brief that Ewing and Edwards were at their table for more than five hours, and company policy states that guests may be asked to relinquish their tables after 90 minutes if other guests are waiting to be seated. (Opp. 4.) In addition, Houston's contends that Ewing and Edwards were not asked to leave the restaurant; they were merely asked to relocate to the bar, but responded with abusive language. (*Id.*) Finally, Houston's maintains that email correspondence between Ewing and a Houston's server, which was not initially produced in discovery but later surfaced, reveals that Ewing was intoxicated at the time of

---

[2]      I have adopted without alteration the racial terminology used in the complaint.

the incident, in direct contradiction to her sworn deposition testimony. (*Id.* 6-7; Mot. Ex. D.)[3]

Following the discovery of the aforementioned email correspondence, the parties engaged in settlement negotiations, which bear on the issue of costs. On July 17, 2022, defense counsel sent a letter to plaintiffs' counsel demanding that Ewing and Edwards voluntarily dismiss the case with prejudice and threatening to move for sanctions in the event that they refused to do so. (Mot. Ex. D.) In response to that letter, defense counsel attached a stipulation of dismissal with prejudice and requested a response by July 20, 2022. (*Id.*) The stipulation provided, in relevant part, that "[e]ach party shall bear her or its own attorneys' fees and costs." (*Id.*)

On July 19, 2022, plaintiffs' counsel sent an email to defense counsel stating that Ewing and Edwards "are willing to dismiss this matter, with the assurance that [Houston's] will not seek costs." (Mot. Ex. F.) The stipulation as drafted, however, apparently did not constitute sufficient "assurance" in the view of plaintiffs or their counsel, who declined to sign. The email concluded: "Please redraft the Stipulation of Dismissal with Prejudice to reflect the same and the Plaintiffs will sign the dismissal." (*Id.*)

In a reply email on July 21, 2022, defense counsel stated that Houston's was "willing to allow Plaintiffs to voluntarily dismiss their case, without seeking its costs," on the condition that Ewing and Edwards enter into a settlement agreement containing a general release and non-disparagement clause. (Mot.

---

[3]    The email correspondence was apparently initiated by the plaintiffs' server, who wished to patronize Ms. Ewing's massage business. It contained the following exchange:

> [Server]: "Yeaaaaah that night, so sorry it ended that way . . .
>
> Ewing: All good...we were DRUNK....they knew it...we got busted :)

(DE 21-5 at 5)

Ex. G.) The agreement would also require plaintiffs' counsel to remove all references to Houston's from its public statements, including its website. (*Id.*) [4]

Plaintiffs' counsel refused to remove the link from its website or sign any releases on its own behalf. (Mot. Ex. H.) On July 29, 2022, Ewing and Edwards filed this motion for voluntary dismissal with prejudice and without costs. (DE 21)  Defendants have filed a response (DE 23), and plaintiffs have filed a reply (DE 24).

## II.     Discussion

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Third Circuit has instructed that Rule 41 motions generally should be granted unless the defendant will suffer substantial prejudice from the dismissal. *See In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 863 (3d Cir. 1990).

Here, the parties agree that the action should be dismissed with prejudice pursuant to Rule 41(a)(2). The only disputed issue is whether Houston's should be entitled to seek an award of costs. Plaintiffs Ewing and Edwards argue that Houston's is not entitled to costs for two reasons: first, Houston's is bound by an agreement to stipulate to dismissal with prejudice and without costs; second, even if Houston's is not bound by an agreement, costs are available only in "exceptional circumstances," and Houston's has not demonstrated such circumstances here. (Mot. 5-10.)

I begin by addressing the argument that Houston's entered into a binding agreement to stipulate to dismissal of the matter without costs. "State law governs the construction and enforcement of settlement agreements in

---

[4]     Plaintiffs' counsel had previously represented a client who had also sued Houston's for racial discrimination, making similar allegations. Counsel's website featured a link to a television news story about the case, in which counsel appears. At the time of the July 2022 emails, however, that earlier case had been dismissed on summary judgment some five weeks previously. *See Ali v. Hillstone Restaurant Group*, No. 2:20-CV-10547, 2022 WL 2128681 (D.N.J. June 14, 2022). Costs were taxed by the clerk in the amount of $2090.75. (Civ No. 20-10547 DE 38).

federal court." *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348–49 (D.N.J. 1996). Under New Jersey law, an agreement to settle a lawsuit is a contract that should be honored absent compelling circumstances. *Pascarella v. Bruck*, 190 N.J. Super. 118, 124–25 (App. Div. 1983) (citing *Honeywell v. Bubb*, 130 N.J. Super. 130, 136 (App. Div. 1974)).

A contract is formed under New Jersey law where there is a "meeting of the minds" between the parties, evidenced by an offer and an unconditional acceptance. *Morton v. 4 Orchard Land Tr.*, 180 N.J. 118, 129–30 (2004). "An expression of assent that modifies the substance" of an offer is a counteroffer; it is "not an acceptance and does not consummate a contract." *See Johnson & Johnson v. Charmley Drug Co.*, 11 N.J. 526, 538–39 (1953). *See also Larsen & Fish, Inc. v. Schultz*, 5 N.J. Super. 403, 405 (App. Div. 1949) ("A reply to an offer, although purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counteroffer."). Put differently, acceptance of an offer "must be absolute." *Johnson & Johnson, supra.*

Ewing and Edwards argue that they accepted Houston's July 17, 2022, offer to stipulate to a voluntary dismissal of the matter, thus creating a binding contract. (Mot. 6-7.) But Ewing and Edwards did not unconditionally accept the offer's terms. Rather, in response to the offer, plaintiffs' counsel requested that the stipulation be redrafted to reflect that Houston's would not be seeking costs. While the stipulation as drafted would have provided that each side bear its own costs, that evidently did not satisfy plaintiffs. If it had, presumably they would have signed it, but they were unwilling to sign without further assurances.

The July 19, 2022, email from plaintiffs' counsel requesting redrafting of the stipulation thus constituted a counteroffer and did not create a binding agreement. *See Rose v. Rowan Univ.*, No. A-3337-17T2, 2019 WL 1870883, at *2 (N.J. Super. Ct. App. Div. Apr. 26, 2019). Following plaintiffs' counteroffer—which operated as a rejection, *see Berberian v. Lynn*, 355 N.J. Super. 210, 217

5

(App. Div. 2002), Houston's was free to reject that counteroffer, withdraw its initial offer, or tender a new offer.

I now turn to Ewing and Edwards's second argument: that Houston's must demonstrate "exceptional circumstances" to justify an award of costs. I disagree.

Houston's seeks costs under Fed. R. Civ. P. 54(d)(1), which provides that "costs—other than attorney's fees—should be allowed to the prevailing party," unless "a federal statute, these rules, or a court order provides otherwise." The rule bestows discretion upon the district court to allow costs but creates a "strong presumption" that costs will be awarded. *See In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462 (3d Cir. 2000), as amended (Sept. 15, 2000).

"[P]revailing party" within the meaning of Rule 54(d) is not a technical or specialized term. *See City of Rome, Italy v. Glanton,* 184 F.R.D. 547, 549 (E.D. Pa. 1999) (citing *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir. 1985)). "The touchstone of the prevailing party inquiry," whether under Rule 54(d) or otherwise, is a "material alteration of the legal relationship of the parties." *See Truesdell v. Philadelphia Housing Authority,* 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted). Importantly, the change in the relationship between the parties must be judicially sanctioned. *Id.* at 164.

While the Third Circuit has not addressed this specific issue, both the Seventh and Tenth Circuits have recognized that, where a plaintiff voluntarily dismisses its case against a defendant with prejudice, the defendant is a "prevailing party" within the meaning of Rule 54(d). *See Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); *Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir. 1997). Unlike a dismissal without prejudice, a dismissal with prejudice bars a plaintiff from reasserting those claims against the defendant in another action. In this manner, a dismissal with prejudice materially alters the legal relationship between the parties, as the defendant has achieved some court-sanctioned benefit. *See Bricklayers & Allied Craftworkers v. ARB Constr., Inc.*, No. CV 13-3883, 2016 WL 4943254, at *5-7

6

(E.D. Pa. Sept. 15, 2016) (concluding that a voluntary dismissal with prejudice renders the defendant a prevailing party); *Internet Media Interactive Corp. v. Shopify Inc.*, No. CV 20-416 (MN), 2020 WL 6196292, at *3 (D. Del. Oct. 22, 2020) (same).

Nonetheless, Ewing and Edwards argue that a defendant must show "exceptional circumstances" to justify an award of costs where a plaintiff voluntarily dismisses an action with prejudice. (Mot. 8.) They cite *Carroll v. E One Inc.*, 893 F.3d 139 (2018), in which the Third Circuit held that "attorney's fees and costs should not typically be awarded in a Rule 41(a)(2) dismissal with prejudice," but may be awarded in exceptional circumstances. *Id.* at 149.

It is of course true, as *Carroll* says, that an award of attorney's fees *and* costs is not typical in connection with a Rule 41(a)(2) dismissal. But *Carroll* did not discuss whether or when an award of costs alone is appropriate. It was not necessary to do so because the Court was *upholding* an award of fees *and* costs, on the basis that the circumstances *were* exceptional. Were it reversing the award or writing a treatise, the Court might have underlined that an application for costs alone would not have needed to meet that higher threshold. But it was not writing a treatise; it was deciding a case.

In applying Rule 54(d), I am of course governed by the wording of the Rule itself. That Rule makes an explicit distinction: the subject matter of Rule 54(d)(1) is "Costs Other Than Attorney's Fees," and the subject matter of Rule 54(d)(2) is "Attorney's Fees." Rule 54(d)(1) provides that costs other than attorney's fees "should be allowed to the prevailing party," which may obtain them *via* an application to the clerk, subject to a motion for judicial review of any award. Rule 54(d)(2), on the other hand, provides that attorney's fees must be sought by motion or proven at trial.

*Carroll,* because it did not need to do so, did not so much as cite Rule 54, let alone discuss the (d)(1)/(d)(2) distinction. Third Circuit precedent, including cases predating *Carroll,* is quite clear that Rule 54(d)(1) provides the standard to be applied by district courts in awarding costs, to the exclusion of attorney's

fees. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 456–58 (3d Cir. 2000) (discussion of history and purposes of Rule 54(d)(1)); *see also Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988). Recognizing that an award of costs is presumptively appropriate under Rule 54(d)(1), the Third Circuit has held that a district court may reduce or deny an award of costs to a prevailing party only if the losing party is indigent or unable to pay the full measure of costs, or if the prevailing party has "unclean hands" due to having engaged in some improper conduct. *See In re Paoli*, 221 F.3d at 468. Only in such circumstances is the prevailing party *not* entitled to costs.[5]

In view of this precedent, I conclude that Houston's is not required to show "exceptional circumstances" to justify an award of costs. As the Seventh Circuit has explained, "[a]ttorney's fees stand on a different footing because there is no parallel rule either in Rule 54 or elsewhere creating any presumption of entitlement to such fees." *Cassidy*, 338 F.3d at 710. But there is no application for attorney's fees here, as there was in *Carroll*. Accordingly, Houston's is entitled to submit a bill of costs to the clerk.

### III.    Conclusion

The plaintiffs' motion to dismiss under Rule 41(a)(2) is **GRANTED IN PART.** The matter is dismissed with prejudice and the defendants are directed to submit their bill of costs to the Clerk.

Dated: February 2, 2023

/s/ Kevin McNulty

_____
**KEVIN MCNULTY**
**United States District Judge**

---

[5]    There is also internal evidence that *Carroll* was not stealthily announcing a departure from established case law and the wording of Rule 54 itself. The Court in *Carroll* described its decision as being "in step" with the Tenth Circuit's decision in *AeroTech*, which itself distinguished between an award of attorney's fees and an award of costs, concluding that the defendant was entitled to the latter but not the former after the court granted the plaintiff's motion for a Rule 41(a)(2) dismissal. *See Carroll, supra*, at 149; *Aerotech*, 110 F.3d at 1526-28.